IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILL ADRIAN SAMUELS, | § | |
| TDCJ #1676776, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-11-3023 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Will Adrian Samuels (TDCJ #1676776), is a state inmate incarcerated

in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively,

"TDCJ").  Samuels has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254,

seeking relief from a prison disciplinary conviction.  After reviewing all of the pleadings and

the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, the Court concludes that this case must be **dismissed** for reasons set

forth below

## I.      BACKGROUND

Samuels reports that he is currently incarcerated as the result of a felony conviction

for aggravated assault involving a family member in Harris County cause number 1143992.

Court records reflect that Samuels was initially placed on deferred adjudication probation.

On October 7, 2010, however, Samuels was convicted of those charges (or adjudicated

guilty) in the 176th District Court of Harris County, Texas, and sentenced to seven years' imprisonment.

Samuels does not challenge his underlying criminal conviction here. Instead, he seeks relief from a prison disciplinary conviction that was entered against him at the Goodman Unit in Jasper, Texas, where he was formerly assigned.[1] Samuels reports that he was charged in disciplinary case #20110218254 with violating prison rules by threatening to inflict harm on an officer. An exhibit attached to the petition shows that, on April 4, 2011, Samuels threatened Sergeant P. Hood by stating: "[Sergeant] Hood, you are going to die." Following a disciplinary hearing on April 7, 2011, the presiding official found Samuels guilty as charged based on the charging officer's report and live testimony. As a result, Samuels lost commissary and recreational privileges for 45 days. Samuels was reduced in custodial status and he also forfeited 265 days of previously earned credit for good conduct (*i.e.*, good-time credit). Samuels filed a step-1 and step-2 grievance to challenge the conviction, but his appeals were unsuccessful.

Samuels now seeks a federal writ of habeas corpus to challenge his disciplinary conviction in case #20110218254. Samuels complains that he was denied his Sixth Amendment right to appointed counsel and that the conviction violated due process. In that

---

[1]     Samuels initially filed his petition in the United States District Court for the Eastern District of Texas, where the Goodman Unit is located. The case was recently transferred here because Harris County, where the petitioner's underlying criminal conviction was entered, and the Ferguson Unit in Midway, Texas, where he is presently in custody, are both located within the Southern District of Texas. Thus, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

respect, Samuels maintains that the charges were false and that he was merely engaging in "constitutional[ly] protected free speech" by denouncing an officer.  For reasons set forth below, however, the Court finds that Samuels fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.   DISCUSSION

Samuels seeks habeas corpus relief in federal court from disciplinary proceedings lodged against him in state prison.  The federal writ of habeas corpus is an extraordinary remedy, which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness").  To prevail, a habeas petitioner must establish a constitutional violation.  Samuels does not make that showing here for reasons outlined briefly below.

### A.   Right to Effective Assistance of Counsel

Although Samuels was assisted by a "counsel substitute" at his disciplinary hearing, he complains that a licensed attorney should have been appointed to represent him.  Samuels claims, therefore, that he was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the right to have the assistance of counsel at trial.  *See Yarborough v. Gentry*, 540

3

U.S. 1, 5 (2003).  It is well established, however, that claims for ineffective assistance of counsel are dependent upon the right to counsel.  *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (holding that absent a constitutional right to counsel, there can be no deprivation of the right to effective assistance of counsel); *United States v. Palomo*, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (citations omitted) (same).  Inmates have no right to retained or appointed counsel at prison disciplinary proceedings.  *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).  Because Samuels had no right to counsel at his disciplinary proceeding, his Sixth Amendment claim fails as a matter of law.

**B.    Due Process**

Samuels complains further that prison officials forfeited a significant number of good-time credits and that this punishment was imposed without adequate due process.  In the disciplinary hearing context a prisoner's rights, if any, are governed by the  Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Liberty interests emanate from either the Due Process Clause itself or from state law.  *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Samuels, who is in state custody, does not identify a particular liberty interest outlined in the Due Process Clause.  To the extent that the disciplinary convictions may affect his

4

eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Samuels' petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[2] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials

---

[2]     There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

cannot forfeit good-time credits from inmates who are eligible for mandatory supervision without first affording due process. *See id*.

Samuels, who was convicted of aggravated assault on a family member, concedes in his petition that he is not eligible for early release on mandatory supervision [Doc. # 1, ¶ 18].[3] Thus, to the extent that Samuels lost good-time credit as the result of the challenged disciplinary convictions, he has no protected liberty interest in such loss and no valid due process claim in connection with that sanction. *See Malchi*, 211 F.3d at 957-58.

Likewise, the other sanctions imposed against Samuels (loss of privileges, reduction in status) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, and a cell restriction or solitary confinement on a temporary basis, are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential

---

[3]     Texas law provides that good-time credits apply only to eligibility for release on parole or mandatory supervision and do not affect the length of an inmate's sentence. *See* TEX. GOV'T CODE ANN. § 498.003; *Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex. Crim. App. 1995). Because the petitioner is not eligible for mandatory supervision, any good-time credits he has earned apply only toward his eligibility for parole. To the extent that the petitioner complains that the disciplinary conviction adversely affected his eligibility for parole, this allegation does not state a claim because there is no protected liberty interest in obtaining parole in Texas. *See Madison v. Parker*, 104 F.3d 765, 768-69 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Gilbertson v. Texas Bd. of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993).

impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because these sanctions do not implicate a protected liberty interest, Samuels fails to demonstrate a violation of the Due Process Clause.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong.  Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.  **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The petition for a federal writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

8

2.      A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>August 30</u>, 2011.

Nancy F. Atlas
United States District Judge